UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| Energy Enhancement System, LLC, et al., | Case No. 2:25-cv-00633-CDS-NJK |
|---|---|
| Plaintiffs | **Order Granting Emergency Motion to Remand** |
| v. | |
| Jason Shurka, et al., | [ECF No. 7] |
| Defendants | |

    Pending before the court is plaintiffs Energy Enhancement System, LLC (EES), Michael Bertolacini, and Dr. Sandra Rose Michael's emergency motion to remand to the Eighth Judicial District Court for Clark County, Nevada. Emergency mot. to remand, ECF No. 7. Because I find that defendants' removal was untimely, I grant plaintiffs' emergency motion to remand.[1]

    "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1); *see also HSBC Bank USA Nat'l Ass'n v. Manguin*, 2017 WL 955179, at *1 (D. Nev. Mar. 10, 2017) ("Removal was untimely because [defendants] were required to remove the case within 30 days of service of the summons and complaint."). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c). To protect the jurisdiction

---

[1] I also find that plaintiffs' emergency motion complies with Local Rule 7-4.

of state courts, the removal statute should be construed narrowly, against removal jurisdiction and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

Under the federal removal statute, a case that implicates federal question or diversity jurisdiction is removable within thirty days after formal service of process of the initial pleading, and the thirty-day window does not begin until the plaintiff has effectuated formal service of process. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

According to plaintiffs' affidavit of service, defendants were served on February 10, 2025. *See* Aff. of serv., Pl.'s Ex. 4, ECF No. 8-4 at 2. Therefore, for removal to be proper, defendants needed to remove the case no later than March 12, 2025. A review of the docket demonstrates that defendants did not remove the case until April 8, 2025. *See* Pet. for removal, ECF No. 1. Additionally, it appears that this is the defendants' second attempt to remove this action. In their petition, defendants state that they had originally removed this case to the Southern District of Florida, which "errantly" determined it did not have jurisdiction and promptly remanded the case back to the Eighth Judicial District Court. ECF No. 1 at 2. Because of this purported "error," the defendants surmise—without citing to any caselaw—that "tolling for this removal is timely." *Id.*[2] Defendants point to no evidence indicating that the case, although not initially removable, has become removeable in accordance with § 1446(b)(3). Therefore, it appears that defendants yet again improperly removed this action. *See Seedman v. U.S. Dist. Ct. for Cent. Dist. Of Calif.*, 837 F.2d 413, 414 (9th Cir. 1988) (holding a district court lacks jurisdiction where a defendant's second petition for removal is based on the same grounds as the prior removal); *Homestead Ins. Co. v. Casden*, 234 F. App'x 434, 435 (9th Cir. 2007) (stating that the district court erred in denying a motion to remand when it was defendant's second petition to

---

[2] Defendants elected to improperly remove the case to the wrong district. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

remove the case to federal court). Because this removal is untimely and improper, plaintiffs' emergency motion to remand is granted.

Plaintiffs' request for attorneys' costs and fees associated with removal is also granted. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has made clear that attorneys' fees should not be awarded as long as the removing party has an "objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). In applying *Martin*, the Ninth Circuit looks at whether "the relevant case law clearly foreclosed the defendant's basis of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). Here, the untimely removal and the improper second removal are both incorrect as a matter of law. Therefore, an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" is warranted here. 28 U.S.C. § 1447(c).

### Conclusion

IT IS THEREFORE ORDERED that plaintiffs' motion to remand **[ECF No. 7] is GRANTED.** The Clerk of Court is kindly instructed to remand this action to the Eighth Judicial District Court, Department 16, Case No. A-25-910216-B, and to close this case.

IT IS FURTHER ORDERED that this court retains jurisdiction after the remand to entertain plaintiffs' request for attorney's fees.[3] Plaintiffs must file a motion for fees and actual costs incurred as a result of the removal in accordance with Local Rule 54-14 and Fed. R. Civ. P. 54(d) **no later than May 1, 2025.**

Dated: April 17, 2025

_____
Cristina D. Silva
United States District Judge

---

[3] *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992).