1  Robert J. Cassity
   Nevada Bar No. 9779
2  Joseph G. Went
   Nevada Bar No. 9220
3  Sydney R. Gambee
   Nevada Bar No. 14201
4  Caitlan J. McMasters
   Nevada Bar No. 16585
5  **HOLLAND & HART LLP**
   9555 Hillwood Drive, 2nd Floor
6  Las Vegas, NV 89134
   Phone: 702.669.4600
7  Fax: 702.669.4650
   bcassity@hollandhart.com
8  jgwent@hollandhart.com
   srgambee@hollandhart.com
9  cjmcmasters@hollandhart.com

10 *Attorneys for Energy Enhancement System, LLC, Michael Bertolacini,*
11 *and Dr. Sandra Rose Michael, DNM*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ENERGY ENHANCEMENT SYSTEM, LLC, a Nevada limited liability company, MICHAEL BERTOLACINI, an individual; DR. SANDRA ROSE MICHAEL, DNM, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> JASON SHURKA, an individual; UNIFYD WORLD, INC., a South Carolina corporation; UNIFYD Healing; UNIFYD TV; ROBERT RELIGA, an individual; DOES I-X; and ROE CORPORATIONS XI-XX, <br><br> Defendants. | Case No. 2:25-cv-00633-CJS-NJK <br><br> **PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND FOR ENTRY OF JUDGMENT** |

In accordance with Fed R. Civ. P 54(d), LR 54-14, and this Court's Order Granting Emergency Motion to Remand filed herein on April 17, 2025 [ECF No. 11] awarding fees incurred as a result of Defendant, Jason Shurka's ("Shurka") improper removal, Plaintiffs ENERGY ENHANCEMENT SYSTEM, LLC ("EES" or "Company"), MICHAEL BERTOLACINI ("Bertolacini"), and DR. SANDRA ROSE MICHAEL, DNM ("Dr. Michael," collectively, "Plaintiffs"), by and through undersigned counsel hereby, move for an award of their

1

reasonable attorney fees of $13,212.00. Plaintiffs further request that the Court reduce its award of attorney's fees to a judgment for judgment collection purposes.

This Motion is supported by the attached memorandum of points and authorities, the declaration of Robert J. Cassity, Esq. ("Cassity Decl.") attached hereto as **Exhibit 1**, the papers and pleadings on file herein, the exhibits attached hereto, and any oral argument this Court may allow.

DATED this 1st day of May 2025.

**HOLLAND & HART LLP**

*/s/ Robert J. Cassity*
Robert J. Cassity
Joseph G. Went
Sydney R. Gambee
Caitlan J. McMasters
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nv 89134

*Attorneys for Energy Enhancement System, LLC, Michael Bertolacini, and Dr. Sandra Rose Michael, DNM*

## INTRODUCTION

This Motion seeks recovery of Plaintiffs' attorney's fees incurred as a result of a *second* improper removal of this action to this Court (following a failed attempt to remove the action to the Southern District of Florida). In both instances, Shurka filed his Notice of Removal just before the Nevada state court's scheduled hearing on Plaintiffs' pending Motion for Preliminary Injunction. There is no question that Shurka had no objectively reasonable basis to remove this action to this Court, as it was filed long after the 30-day deadline after each defendant had been served with the summons and Complaint. In its Order granting Plaintiffs' motion to remand, this Court also granted Plaintiffs' request for attorney's fees under 28 U.S.C. § 1447(c), finding that Shurka's removal was "untimely and improper." *See* ECF No. 11 at 3. Accordingly, Plaintiffs now seek an award of their reasonable attorney's fees of $13,212.00 incurred in responding to the improper Notice of Removal filed with this Court (ECF No. 1).

/ / /

## PROCEDURAL HISTORY

**A.    Procedural History of the Nevada State Court Action.**

On January 16, 2025, Plaintiffs filed their Complaint in the Eighth Judicial District Court in Clark County, Nevada (the "Nevada state court"), Case No. A-25-910216-B following a smear campaign by Defendants to defame Plaintiffs and induce their customers to cancel their contracts with Plaintiff EES (the "Nevada Action"). *See* Complaint [ECF No. 8-1]. On January 27, 2025, Plaintiffs filed their Application for Temporary Restraining Order and Motion for Preliminary Injunction ("TRO Motion"). *See* TRO Motion [ECF No. 8-2]. The Nevada state court granted the Plaintiffs' TRO Motion on February 6, 2025 and entered a Temporary Restraining Order ("TRO") enjoining Defendants from, among other things, intentionally interfering with Plaintiffs' business relationships and making certain defamatory statements concerning Plaintiffs. *See* TRO [ECF No. 8-3]. Shurka was formally served with process (and the TRO) via process server on February 10, 2025. *See* Affidavit of Service (filed Feb. 12, 2025) [ECF No. 8-4].

**B.    Shurka Improperly Removes the Nevada Action to the Southern District of Florida; the Florida Court Promptly Remands and Awards Plaintiffs Attorneys' Fees.**

On March 3, 2025, Shurka removed the Nevada Action to the United States District Court of the Southern District of Florida. *See* Notice of Removal [ECF No. 8-8]. However, Shurka did not file a Notice of Removal with the Nevada state court at that time.  On March 4, 2025, the Nevada state court entered default against Shurka for his failure to respond to the Complaint. *See* Shurka Default [ECF No. 8-9]. The next day, the Nevada state court also entered default against UNIFYD World, Inc., UNIFYD TV, and UNIFYD Healing. *See* UNIFYD Defaults [ECF Nos. 8-10, 8-11, 8-12]. On March 6, 2025, Shurka finally filed the Notice of Removal in the Nevada Action. *See* Notice of Removal [ECF No. 8-13].

After ordering expedited briefing, the Florida court issued an Order Granting Motion to Remand on March 31, 2025, remanding the action back to the Nevada state court. *See* Florida Order [ECF No. 8-14]. In its remand order, the Florida court found that "there remains a genuine question as to Religa's citizenship" and, therefore, "remand is warranted." *Id.* at 3. Additionally, the Florida court found that remand was appropriate based on the defects in Shurka's removal:

3

(1) "Shurka improperly removed the case to the wrong district[,]" (2) "Shurka failed to attach the pleadings and orders in the Nevada Action as required by 28 U.S.C. § 1446(a)[,]" (3) "Shurka failed to obtain the approval or consent of all defendants in the Nevada Action from which the suit was removed as required by 28 U.S. C. § 1446(b)(2)(A)[,]" and (4) "Shurka failed to provide a short and plain statement of the basis for his removal." *Id.* at 4. The Florida court also found that "Defendant Shurka had no reasonable basis to remove a case originally filed in Nevada to the Southern District of Florida," and awarded Plaintiffs their attorney fees and costs to litigate the improper removal. *Id.* at 4-5.

### C. Shurka Untimely Removed the Action to This Court.

Following the remand order, the Nevada state court re-set the preliminary injunction hearing for April 9, 2025. *See* Order Shortening Time for Hearing on Motion for Preliminary Injunction, filed April 2, 2025 [ECF No. 8-15]. On April 8, 2025, one day before the reset hearing on Plaintiffs' Motion for Preliminary Injunction, Shurka removed this action to this Court to once again improperly delay and avoid the preliminary injunction hearing before the Nevada state court. *See* ECF No. 1. Shurka's Notice of Removal to this Court was filed nearly two months after he was served by a process server in this action (and more than two months after Shurka received the Complaint and Summons via email on February 3, 2025). *See* ECF No. 8-4.

On April 10, 2025, Plaintiffs filed their Emergency Motion to Remand. ECF No. 7. On April 17, 2025, this Court granted Plaintiffs' Motion, finding that the removal was "untimely and improper." ECF No. 11 at 3. The Court awarded Plaintiffs their attorneys' fees and costs associated with the removal pursuant to 28 U.S.C. § 1447(c). *Id.* This Motion follows.

### ARGUMENT

### A. Legal Standard

The law of the state in which the district court sits governs whether a party is entitled to attorney's fees, unless it conflicts with a valid federal statute or procedural rule. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *MRO Communs., Inc. v. AT&T Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the

4

court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 864, 124 P.3d 530, 548–49 (2005) (en banc). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See id.* at 549 & n.98 (quotation omitted); *see also Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1325–26 (D. Nev. 2014). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

The lodestar's reasonableness determinations are guided by the factors listed in *Brunzell v. Golden Gate National Bank*:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

85 Nev. 345, 349–50, 455 P.2d 31, 33 (1969); *see also Haley v. Dist. Ct.*, 128 Nev. 171, 178, 273 P.3d 855, 860 (2012) ("In determining the amount of fees to award, the court is not limited to one specific approach; its analysis may begin with any method rationally designed to calculate a reasonable amount, so long as the requested amount is reviewed in light of the" *Brunzell f*actors (simplified)). Moreover, "a party moving for attorneys' fees *may also recover fees for the time expended in filing a motion for attorneys' fees*." See *Sunlighten, Inc. v. Finnmark Designs, Inc.*, No. 2:20-cv-00127-JAD-EJY, 2021 U.S. Dist. LEXIS 131922 (D. Nev. July 15, 2021) (emphasis added).

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes*, 488 F.3d at 1059. Under Rule 54(d)(2)(B), a motion for attorney's fees and nontaxable costs must: (a) be filed no later than fourteen days after the entry of judgment; (b) specify the judgment and the grounds that entitle the moving party to an award; (c) state the amount sought or provide a fair estimate of it; and (d) disclose any agreement about fees for the services for which the claim is made if the court so orders. The motion must be accompanied by a declaration from the attorney responsible for the

5

case's billings to authenticate the information contained in the motion and to confirm that the bill has been reviewed and edited and that the fees and costs charged are reasonable. *See* LR 54–14(b).

The Local Rules also provide a number of factors that should be considered when deciding a motion for attorney's fees.

(A)  The results obtained and the amount involved;

(B)  The time and labor required;

(C)  The novelty and difficulty of the questions involved;

(D)  The skill requisite to perform the legal service properly;

(E)  The preclusion of other employment by the attorney due to acceptance of the case;

(F)  The customary fee;

(G)  Whether the fee is fixed or contingent;

(H)  The time limitations imposed by the client or the circumstances;

(I)  The experience, reputation, and ability of the attorney(s);

(J)  The undesirability of the case, if any;

(K)  The nature and length of the professional relationship with the client;

(L)  Awards in similar cases; and

(M)  Any other information the court may request.

LR 54–14(a)(3).

**B.  The Company's Requested Fee Amount is Reasonable and Should Be Awarded**

In accordance with LR 54-14(a)(1), an accurate reasonable itemization and description of the work performed and summary of the fees incurred is attached as **Exhibit 2**. As detailed below, Plaintiffs are entitled to a reasonable fee award in the amount of $13,212.00, which is based on reasonable hourly rates and the hours necessarily expended litigating this case to a final judgment resolving all claims on the merits.

1. **Skills Necessary to Properly Perform the Legal Services, and Experience, Reputation, and Ability of the Holland & Hart Attorneys: LR 54–14(a)(3)(D), (I), (L)**

**Quality of the Law Firm**. Holland & Hart represents the Company. Holland & Hart is a regional AV-rated law firm with extensive experience in commercial litigation. *See* Exhibit 1 at ¶ 5. The attorney fees incurred by the Company are reasonable, economical, and are customarily charged to clients of Holland & Hart. *Id*. at ¶ 6. The ability, training, education, experience, professional standing, and skill of the professionals representing Plaintiffs were shown in Plaintiffs' submissions to this Court. *Id*. at ¶ 5.

**Reasonableness of the Rates**. Holland & Hart charges hourly rates similar to those rates charged by comparable law firms for similar legal services. *Id*. at ¶ 7. As a general rule, the Court considers the reasonable hourly rate in the relevant community that is the forum in which the case is pending. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *Nat'l Council of La Raza v. Cegavske*, 2017 U.S. Dist. LEXIS 95414, at *11-12 (D. Nev. June 21, 2017) (quoting *Camacho, Inc*., 523 F.3d at 980). The hourly rates charged are identified in Exhibit 2. The Holland & Hart attorneys that primarily worked on this matter and their hourly rates are discussed below.

The hourly rates charged by these timekeepers on this matter are at or below those often in their respective locations for law firms handling these types of matters. Exhibit 1 at ¶¶ 7-8. Courts in this district have found these rates to be reasonable. *See In re USA Commercial Mortg. Co.,* 802 F. Supp. 2d 1147, 1181 (D. Nev. 2011) ("prevailing market rates for complex commercial litigation in Nevada [are] between $350 and $775 an hour…."); *Crew-Jones v. State Farm Mut. Auto. Ins. Co*., No. 2:11-CV-00203-GMN, 2012 U.S. Dist. LEXIS 74360, 2012 WL 1947967, at *3-4 (D. Nev. May 30, 2012) (finding hourly rates of $250 to $750 "reasonable and consistent with each attorney's experience and with rates in the Las Vegas legal market"); *U.S.A. Dawgs, Inc. v. Crocs, Inc.*, 2019 U.S. LEXIS 91369, at *8 (D. Nev. May 29, 2019) (hourly rates from $364.90 to $807.70 to be reasonable).

7

**Experience of the Lawyers**. The attorneys that worked on this matter have the following education and experience:

a) Robert Cassity is a Nevada licensed attorney and a partner at Holland & Hart. He has 19 years of experience and his billing rate in this matter is $740.00. He graduated with his undergraduate degree *summa cum laude* from Weber State University. He graduated with his J.D. *cum laude* from J. Reuben Clark Law School. He has been recognized by Mountain States Super Lawyers®, Business Litigation, 2020-2024; Mountain States Super Lawyers® Rising Stars, Business Litigation, 2012-2019; The Best Lawyers in America® Litigation - Banking and Finance, 2016-2025; The Best Lawyers in America® Lawyer of the Year, Litigation - Banking and Finance – Las Vegas, 2022.

b) Joseph Went is a partner at Holland & Hart and has been practicing in the area of commercial litigation since 2004. He has 20 years of experience and his billing rate in this matter is $705.00. He graduated *cum laude* from the University of Minnesota School of Law in 2004. He has been recognized by The Best Lawyers in America®, Commercial Litigation, 2021-2025; Mountain States Super Lawyers®, Business Litigation, 2023, 2024; and Nevada Business Magazine, Nevada Legal Elite, 2015-2016, 2019-2021.

c) Caitlan McMasters is an associate at Holland & Hart. She has over 1 year of experience and her billing rate in this matter is $440.00. She graduated *cum laude* from UNLV Law School in 2023 and regularly practices in the area of commercial litigation.

A breakdown of the hours worked and fees billed by each attorney are included in the spreadsheet attached as Exhibit 2.

> **2.  Results Obtained, Time and Labor Required, and Novelty and Difficulty of the Questions Involved: LR 54-14(a)(3)(A)–(C)**

First, Plaintiffs obtained the desired result, and the Court remanded this case to the Nevada state court from which it was removed. "'[T]he [district] court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir 2014) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). Plaintiffs' counsel believes that the fees sought are appropriate, and are reasonable and necessary in light of the circumstances of this case and the scope and difficulty of the business and legal issues involved. *See* Exhibit 1 at ¶17; Exhibit 2.

Plaintiffs' attorneys expended 21.2 total billable hours litigating Shurka's improper removal to this Court. Exhibit 1 at ¶ 14; Exhibit 2. This includes hours researching, reviewing, drafting, revising, conferences between counsel and clients, conferring with Shurka, and strategizing internally, among other tasks. *See* Exhibit 2. All the hours are directly related to and incurred because of Shurka's improper removal, including those incurred preparing the instant

8

Motion. Holland & Hart's time-entry spreadsheet accurately reflects the time spent on tasks related to Shurka's improper removal. Exhibit 1 at ¶ 15.

### 3.     Holland & Hart's Commitment to Reasonable Fees: LR 54-14(a)(3)(F)

Holland & Hart believes that every professional employed on behalf of its clients has a responsibility to control fees and expenses by providing services in an efficient and effective manner. Exhibit 1 ¶ at 8. To this end, Holland & Hart diligently works to coordinate and facilitate the efficient prosecution of the matters for which it is employed. *Id*. Staffing of matters within the case is done with the objective of providing the level of representation appropriate to the significance, complexity, and difficulty of the particular matter. *Id*.

### 4.     The Remaining Factors of LR 54-14(a)(3) Support Plaintiffs' Fee Award

The remaining factors in LR 54-14(a)(3) support Plaintiffs' request. Plaintiffs' attorneys were not precluded from other employment by accepting this case, other than those precluded by future conflicts of interest. LR 54-14(a)(3)(E). Plaintiffs were billed on an hourly basis and, therefore, there is no fixed or contingent fee. LR 54-14(a)(3)(G). Exhibit 1 at ¶ 8. As explained in Plaintiffs' Emergency Motion to Remand [ECF No. 7], the exigent circumstances demanded that the Motion be prepared as quickly as possible. LR 54-14(a)(3)(H). The case is not undesirable but required prompt action and appropriate time and attention to seek emergency relief. LR 54-14(a)(3)(J). Finally, Holland & Hart has represented the Plaintiffs in connection with the current dispute since November 2024. LR 54-14(a)(3)(K).

/ / /

/ / /

/ / /

/ / /

9

## CONCLUSION

For all these reasons, Plaintiffs request that their motion be granted, and that award of attorneys' fees be entered in favor of Plaintiffs, and against Shurka in the amount of $13,212.00 in attorneys' fees. Plaintiffs further request that the Court reduce its award of attorneys' fees to a judgment against Shurka to enable Plaintiffs to collect on the award of attorney's fees.

DATED this 1st day of May 2025.

**HOLLAND & HART LLP**

*/s/ Robert J. Cassity*
Robert J. Cassity
Joseph G. Went
Sydney R. Gambee
Caitlan J. McMasters
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nv 89134

*Attorneys for Energy Enhancement System, LLC, Michael Bertolacini, and Dr. Sandra Rose Michael, DNM*

## INDEX OF EXHIBITS

| Exhibit | Description | Page Numbers |
|---|---|---|
| 1 | Declaration Of Robert J. Cassity in Support of Plaintiffs' Motion for Attorneys' Fees and for Entry of Judgment | 001-005 |
| 2 | Work Performed and Summary of the Fees Incurred | 006-007 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May 2025, a true and correct copy of the foregoing **PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND FOR ENTRY OF JUDGMENT** was served by the following method(s):

☒   U.S. Mail: a true and correct copy was placed in Holland & Hart LLP's outgoing mail in a sealed envelope addressed as follows:

   Jason Shurka
   1504 Bay Rd, Apt. 3208
   Miami Beach, FL 33139

☒   Email: by electronically delivering a copy via email to the following e-mail address:

   Jason Shurka - jasonshurka@gmail.com

*/s/ Kristina R. Cole*
An Employee of Holland & Hart LLP

34716607_v2

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134