UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| Energy Enhancement System LLC, et al., | Case No. 2:25-cv-00633-CDS-NJK |
| Plaintiffs | **Order Granting in Part Plaintiffs'<br>Motion for Attorney's Fees** |
| v. | |
| Jason Shurka, et al., | [ECF No. 16] |
| Defendants | |

This was a breach of contract and declaratory action initiated by plaintiffs Energy Enhancement System LLC, Michael Bertolacini, and Dr. Sandra Rose Michael in the Eighth Judicial District Court, Clark County, Nevada. In April 2025, defendant Jason Shurka removed the action to this court based on alleged diversity jurisdiction. ECF No. 1. The plaintiffs filed an emergency motion to remand (ECF No. 8), which was ultimately granted (ECF No. 11). The plaintiffs now move for attorney's fees pursuant to Rule 54 of the Federal Rules of Civil Procedure and for entry of judgment. Mot., ECF No. 16. The motion is now fully brief. Opp'n, ECF No. 18; Reply, ECF No. 19. For the reasons set forth herein, I grant in part the plaintiffs' motion for attorney's fees.

I.      Discussion

"[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal . . . ." *Garmong v. Maupin (In re Garmong)*, 2023 U.S. App. LEXIS 26947, *2 (9th Cir. 2023) (internal citation omitted). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). I have already determined that the plaintiffs are entitled to attorney's fees, as I granted their request for such relief when I issued the remand order. *See*

ECF No. 11 at 3. I find that the plaintiffs provide sufficient information on which I can base a fees award. Their motion discusses the qualifications of each of the attorneys who worked on this case and addresses all the relevant factors under the local rules. Here, the plaintiffs' motion and accompanying exhibits provide a description of the work performed, a summary of the results obtained, time and labor required, requisite skill level for the services provided, information about fees charged in this case, the experience, reputation, and ability of the attorneys who worked on the case, and a calculation of the of hours worked per attorney.

When seeking attorney's fees, a party must comply with Local Rule 54-14, which specifically delineates what must be included in the motion for attorney's fees. *See* LR 54-14. As a threshold matter, I find that the plaintiffs complied with Local Rule 54-14. That rule requires any application for attorney's fees to include an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of thirteen categories of information designed to elicit more information about the case and the work that the attorney performed. *Id.* at 54-14(a)(1), (3).

### A. Reasonable hourly rate

One acceptable method of determining the reasonableness of attorney's fees is applying the "lodestar" method. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). In calculating a reasonable fee, the court must first multiply "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424 (1983) "The district court . . . should exclude from this initial fee calculation hours that were 'not reasonably expended.'" *Id.* at 433–34.

The plaintiffs seek attorney's fees totaling $13,212.00 for 21.7 hours of work related to discussing, drafting, and editing the motion to remand and the motion for attorney's fees. ECF No. 16. The plaintiffs' attorney's fees are based on a $740.00 hourly rate for 10.8 hours by partner Bob J. Cassity; a $705.00 hourly rate for 1.6 hours by partner Joe Went; and a $440.00 hourly rate for 9.3 hours by associate Caitlan McMasters. *Id.* at 8; Summary of fees, Pls.' Ex. 2, ECF No. 16-2.

Shurka argues that the attorneys' hourly rates are unreasonable. ECF No. 18 at 4. He asserts that the straightforward nature of the remand and the lack of complex legal issues warrant reducing the partners' hourly rates to $350.00. *Id.* Shurka also contends that $440.00 is an unreasonable rate for an associate with only one year of experience, so the rate should instead be reduced to $225.00 per hour. *Id.*

The plaintiffs' counsel, Mr. Cassity, argues that, based on their experience, he and his partner, Mr. Went, are entitled to $740 and $705 per hour, respectively, and $440 per hour for the work of their associate. ECF No. 16. It is certainly relevant that Messrs. Cassity and Went have nineteen and twenty years of experience, but based on recent cases discussing the reasonable hourly rates in this community, the approved rate for attorneys with eighteen to thirty years of experience is $500 per hour. *See Zap's Elec., LLC v. Monarch Constr., LLC*, 2024 WL 1721002, at *8 (D. Nev. Apr. 18, 2024) (collecting cases). Their associate, Ms. McMasters, graduated from law school in 2023. ECF No. 16-1 at 4, ¶ 14. Although the "hourly rate of $225 for an associate has been approved," in *Zap*, the magistrate judge ultimately found $275.00 to be a reasonable hourly rate for an associate with two years of experience. Thus, the court will adjust the fee award accordingly.

### B. Hours reasonably expended

Next, I consider the hours expended on the tasks outlined in the plaintiffs' exhibit. ECF No. 16-2. Plaintiffs' counsel avers that they expended 21.7 hours litigating Shurka's improper removal and that "the efforts of all lawyers . . .were not unnecessarily duplicated." Cassity decl., Pls.' Ex. 1, ECF No. 16-1. They submit that, in connection with the motion to remand, Cassity expended 8.6 hours, Went expended 1.6 hours, and McMasters expended 4.3 hours. ECF No. 16-2. Shurka challenges the number of hours expended, arguing that the 14.5 hours spent researching and drafting the motion to remand—given the uncomplicated issues involved—are excessive, unnecessary, and duplicative. ECF No. 18 at 6. He further contends that "[h]aving two partners revise an associate's work is duplicative and unnecessary." *Id.* Shurka therefore submits

that a total of 4.5 hours of attorney time is reasonable. *Id.* at 7. In reply, the plaintiffs assert that Shurka has not demonstrated that Went's work was duplicative. ECF No. 19 at 5.

Shurka's opposition to the plaintiffs' motion regarding the reasonableness of the hours expended is slightly persuasive. I agree that having two partners edit the work of a single associate for such extended periods appears to reflect an unreasonable duplication of effort. No explanation was offered for why Mr. Cassity's expenditure of 2.5 hours, followed by an additional 1.5 hours, editing the remand motion—after Mr. Went had already spent 1.6 hours editing it—was reasonable under the circumstances of this case. I find that the issues presented in the motion to remand were not overly complex, and the application of 28 U.S.C. § 1446(b)(3) was fairly straightforward in this case. I therefore determined that the plaintiffs are entitled to 19.2 hours of attorney work.

Based on my determination of reasonable hourly rates and the hours reasonably expended, along with the legal services itemized in the plaintiffs' exhibit, I award counsel 9.9 hours at the rate of $500.00 per hour, for a total $4,950.00, and 9.3 hours of associate time at a rate of $275.00 per hour, for a total of $2,557.50.

**II.    Conclusion**

IT IS THEREFORE ORDERED that the plaintiffs' motion for attorney's fees is **[ECF No. 42] is GRANTED in part**, as set forth in this order. The plaintiffs are awarded a total amount of $7,507.50 in attorney's fees payable to the plaintiffs' counsel by May 19, 2026.

Dated: March 19, 2026

_____
Cristina D. Silva
United States District Judge

4